FILED BY **KS** D.C.

Oct 27, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### 21-20535-CR-MARTINEZ/BECERRA

Case No. _____

18 U.S.C. § 554
18 U.S.C. § 1956

**UNITED STATES OF AMERICA**

**vs.**

**GUILIANO PECCI,**

Defendant.

_____/

## INFORMATION

The United States charges that:

### COUNT 1

Beginning as early as February 7, 2019, and continuing through on or about April 25, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GUILIANO PECCI,**

did knowingly receive, conceal, buy and facilitate the transportation and concealment of merchandise and articles, that is firearm kits, prior to exportation, knowing the same to be intended for exportation, contrary to any law or regulation of the United States, that is Title 13, United States Code, Section 305, in violation of Title 18, United States Code, Sections 554 and 2.

### COUNT 2

Beginning as early as in or around January 1, 2019, the exact date being unknown, and continuing through on or about April 9, 2019, the defendant,

**GUILIANO PECCI,**

did knowingly combine, conspire, confederate, and agree with others, to transmit and transfer

funds to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of a specified unlawful activity, namely, smuggling goods from the United States, as alleged in Count 1 of this Information, in violation of Title 18, United States Code, Section 1956(a)(2)(A); all in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

1.      The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **GUILIANO PECCI,** has an interest.

2.      The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, in violation of 18 U.S.C. § 554, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853.   The defendant further agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, involved in the commission of the offense, in violation of 18 U.S.C. § 1956 or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1)(A), and the provisions of 21 U.S.C. § 853.   The defendant further agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm or ammunition involved in or used in the commission of the offenses, in violation of 18 U.S.C. § 554 or 1956, pursuant to 18 U.S.C. § 924(d)(1). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).   The property subject to forfeiture includes, but is not limited to:

2

a.  directly forfeitable property, including, but not limited to: (a) Four Surplus Hungarian Amms Underfolder Stock; (b) Four Yugo M72S RPK Parts Kit 7.,62 with Headspace 16 in US Barrel; (c) AK style Firearm wood stock grip, Forearm Kit; (d) one firearm magazine.

3.      The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

4.      The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction.   The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.   This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title,

[intentionally left blank]

3

consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal,

civil or administrative forfeiture proceeding concerning the forfeiture.


_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY


_____
ANDREA GOLDBARG
ASSISTANT UNITED STATES ATTORNEY


4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO._____

v.

Guiliano PECCI

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

_____ Defendant/

**Court Division:** (Select One)

☑ Miami  ☐ Key West  ☐ FTL
☐ WPB  ☐ FTP

New defendant(s)  ☐ Yes  ☐ No
Number of new defendants  _____
Total number of counts  _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  **Yes** _____
   List language and/or dialect  Spanish _____

4. This case will take 3.000 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| | (Check only one) | | | (Check only one) | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ☑ | Petty | | ☐ |
| II | 6 to 10 days | ☐ | Minor | | ☐ |
| III | 11 to 20 days | ☐ | Misdemeanor | | ☐ |
| IV | 21 to 60 days | ☐ | Felony | | ☑ |
| V | 61 days and over | ☐ | | | |

6. Has this case previously been filed in this District Court? (Yes or No)  **No** _____
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  **No** _____
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No)  **No** _____

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No)  **No** _____

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No)  **No** _____

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No)  **No** _____

_____
Andrea Goldbarg
Assistant United States Attorney
Court ID No.        5502556

\*Penalty Sheet(s) attached

REV 3/19/21

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:  Guiliano PECCI**

**Case No:**

Count #: 1

Smuggling Goods from the United States

Title 18, United States Code, Section 554

**\*Max. Penalty:** Max. 5 yrs., 3 yrs. supervised release

Count #: 2

Money Laundering Conspiracy

Title 18, United States Code, Section 1956

**\*Max. Penalty:** Max. 20 yrs., 3 yrs. supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: GIULIANO PECCI _____

PERSONAL SURETY BOND _____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   Andrea Goldbarg

Last Known Address: _ _____

Miami, FL  33143 _____

_____

What Facility: _____

_____

Agent(s):       SA Robert Cunniff (Commerce)
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (OTHER)
SA Pedro Bigorra (ATF)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Guiliano PECCI | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*