UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-20535-CR-MARTINEZ

UNITED STATES OF AMERICA,

vs.

GIULIANO PECCI,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISQUALIFY

**THIS CAUSE** came before the Court upon Defendant Giuliano Pecci's Motion to Disqualify the Honorable Jose E. Martinez. (Mot., ECF No. 31). Pursuant to 28 U.S.C. §§ 445(a) and (b), Defendant moves to recuse the Judge Martinez based on statements he made from the bench at Defendant's March 25, 2022, sentencing hearing. (*See id.* at 3–6). As explained below, the Motion for Recusal is denied.

A judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §§ 455(a), (b). The standard under § 455 "is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Generally, bias must "stem from extrajudicial sources," except "when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constituted bias against a party." *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002).

Defendant argues that Judge Martinez's statements about the Government's decision not to pursue a four-level enhancement give the appearance of impropriety and bias. (Mot. at 11–14).

Defendant also argues that Judge Martinez's decision to reschedule the sentencing hearing to a later date, and requesting the appearance of the U.S. Attorney at the hearing, show that Judge Martinez is not a neutral arbiter. (*Id.* at 15).

Judge Martinez's statements at the sentencing hearing and his decision to reschedule the hearing with the U.S. Attorney present are inadequate grounds to support recusal because they "[a]ll occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *See Liteky v. United States*, 510 U.S. 540, 556 (1994) (emphasis in original) (concluding that "the questions [the district court judge] put to certain witnesses, his alleged 'anti-defendant tone,' [and] his cutting off of testimony said to be relevant to defendants' state of mind" were inadequate grounds for recusal).

As the parties acknowledged at the hearing, the applicable guideline range for Defendant's crimes is a complex issue. (*See* ECF No. 31-1 at 5–9). With respect to the topic of a role enhancement, Judge Martinez's questioning stemmed from information presented at the sentencing hearing and in the Presentence Investigation Report ("PSI"), not from any extrajudicial source or bias. (*See id.* at 11–13). Even more, at the beginning of the hearing, Defendant's counsel acknowledged that he filed his objections to the PSI late, and offered to agree to a continuance of the sentencing hearing until the Government and Probation had time to review his filing. (*See id.* at 5:6–10). In sum, Judge Martinez's statements at the sentencing hearing are inadequate grounds for recusal. It is Judge Martinez's duty to ensure Defendant's sentence is reasonable in the context of the factors outlined in 18 U.S.C. § 3553(a). Judge Martinez's statements and decision to reschedule the sentencing hearing reflect due consideration of those factors.

Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Disqualify, (ECF No. 31), is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida, this 30th day of March, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record